UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTOPHER M. SAENZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:22-cv-00175-JAW |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner seeks relief from a state conviction pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) The State contends the petition was not filed timely in accordance with 28 U.S.C. § 2244(d) and thus asks the Court to dismiss the petition. (Response, ECF No. 3.)

After a review of the section 2254 petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request to dismiss the petition.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In February 2014, Petitioner was indicted on one count of murder in violation of 17-A M.R.S. § 201(1)(A). (State Record at 2, ECF No. 3-1.) Petitioner waived his right to a jury trial, and a bench trial was held in May 2015; Petitioner was found guilty of depraved indifference murder in violation of 17-A M.R.S. § 201(1)(B). (*Id.* at 6–8.) In August 2015, the Superior Court sentenced Petitioner to forty-seven years in prison. (*Id.* at 9.) In October 2016, the Maine Law Court affirmed the conviction. *State v. Saenz*, 2016

ME 159, 150 A.3d 331.  Petitioner did not seek review from the United States Supreme Court of any issues of federal law.

In December 2016, Petitioner filed a state postconviction petition.  (State Record at 18.)  The Superior Court denied relief in February 2020.  (*Id.* at 24.)  Petitioner did not pursue discretionary review from the Maine Law Court.  In December 2021, Petitioner filed another state postconviction petition, which the Superior Court dismissed as an improper second petition.  (*Id.* at 25.)

Petitioner filed the § 2254 petition in June 2022.

## DISCUSSION

Title 28 U.S.C. § 2254(a) provides that a person in custody pursuant to a judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Title 28 U.S.C. § 2244(d), which governs the time within which a petitioner must assert a claim under section 2254, provides:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from such filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Petitioner has not established a state government impediment to filing, *id.* § 2244(d)(1)(B), a newly recognized retroactively applicable right, *id.* § 2244(d)(1)(C), or a new factual predicate, *id.* § 2244(d)(1)(D), Petitioner's one-year limitation period for filing the section 2254 petition started when the judgment became final. *See id.* § 2244(d)(1)(A). A conviction is final when the "availability of direct appeal to the state courts and to [the United States Supreme Court] has been exhausted." *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (citations and quotation marks omitted). Accordingly, Petitioner's judgment became final on January 24, 2017, after the ninety-day period to seek a writ of certiorari expired.

The limitations period for a section 2254 claim is tolled while a properly filed state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). "[A]n application for state post-conviction relief is pending from the time it is first filed until the time it is finally disposed of and further appellate review is unavailable under the particular state's procedures." *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010) (alterations and quotation marks omitted). The time during which an application is pending includes "the

interval between a lower court's entry of judgment and the filing of an appeal with a higher state court." *Id.* at 20. The limitation period "restarts when [the] state court completes postconviction review." *Holland v. Florida*, 560 U.S. 631, 638 (2010). "[T]he filing of a petition for certiorari [seeking review of a state postconviction proceeding] before [the United States Supreme Court] does not toll the statute of limitations under § 2244(d)(2)." *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

Here, the one-year limitation period did not start to run when the judgment became final because Petitioner had already filed a state postconviction petition. The Superior Court denied the state postconviction petition on February 20, 2020. The limitation period, therefore, started on March 13, 2020, after the expiration of the twenty-one-day period to seek discretionary review of the postconviction decision. The limitation period expired one year later on March 13, 2021, more than fourteen months before Petitioner signed his § 2254 petition on May 23, 2022.

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland*, 560 U.S. at 645 (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control,

4

while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).  Petitioner has not asserted any basis for tolling.[1]

Accordingly, the petition is time-barred and dismissal of the petition is warranted.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases.  I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and recommend the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of August, 2022.

---

[1] Petitioner filed a second state postconviction petition, which could arguably trigger tolling if it were properly filed in accordance with the relevant state procedures for such filings. *See Tingley v. Liberty*, No. 1:18-CV-00513-NT, 2019 WL 4723752, at *3 (D. Me. Sept. 26, 2019).  Even if the second petition represented a basis to toll the limitation period, the result would not be different because the second state postconviction petition was denied less than one month after it was filed.