UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER MICHAEL SAENZ,   )<br>   )<br>   Petitioner,   )<br>   )<br>v.   )<br>   )<br>STATE OF MAINE,   )<br>   )<br>   Respondent   ) | 1:22-cv-00175-JAW |

**ORDER ON MOTION FOR RECONSIDERATION**

After review of Petitioner's request for habeas relief pursuant to 28 U.S.C. § 2254 and the State's response to the motion, I recommended the Court dismiss the petition as time-barred. (Recommended Decision, ECF No. 4.) Petitioner moves for reconsideration, citing the challenges presented by the pandemic and the motion for reconsideration he filed in state court. (Motion for Reconsideration, ECF No. 5.) Petitioner evidently contends the December 2021 filing of a motion for reconsideration of the state court's denial of his state court request for post-conviction relief tolled the one-year limitation period for asserting a § 2254 petition.

"Ordinarily, a motion for reconsideration is appropriate only if a moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the moving party can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 660 F. Supp. 2d 94, 97 (D. Me. 2009). "A motion for reconsideration is not a vehicle to force the court to think twice; it is not an opportunity for the losing party simply to press

his unsuccessful arguments a second time in the hope that, by repetition, the court will see them his way." *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 217 (D. Me. 2015) (internal quotation marks and citations omitted).

First, Petitioner's argument regarding his December 2021 filing in state court cannot be considered as newly discovered evidence. The issue was addressed in the recommended decision. (Recommended Decision at 5, n.1.) Petitioner has also failed to establish a change in the law that would warrant a reassessment of the significance of his December 2021 state court filing.

Petitioner's assertion he could not file the petition earlier because of pandemic-related restrictions is also unconvincing. Pandemic-related tolling arguments have generally been unsuccessful. *See Good v. Gray*, No. 21-cv-11812-ADB, 2022 WL 2704467, at *3 (D. Mass. July 12, 2022) (collecting cases). In *United States v. Henry*, No. 2:20-cv-01821, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020), the court articulated a reasonable standard for courts to apply to any such request:

> The COVID-19 pandemic does not automatically warrant equitable tolling for any prisoner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion.

2020 WL 7332657, at *4

Here, Petitioner failed in his initial filing and in his motion for reconsideration to provide any information from which the Court could conclude that Petitioner has satisfied the standard. Furthermore, Petitioner has otherwise not presented newly discovered evidence, identified a change in the governing law, or demonstrated that the recommended

decision constitutes manifest error or is clearly unjust. Accordingly, I deny Petitioner's motion for reconsideration.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72 and Maine Rule of Criminal Procedure 59.

A party may file objections to the August 18, 2022, Recommended Decision, entered pursuant to 28 U.S.C. § 636(b)(1)(B), together with a supporting memorandum, within fourteen (14) days of being served with this order. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of December, 2022.